CLOSED

# U.S. District Court
# Southern District of Florida (West Palm Beach)
# CRIMINAL DOCKET FOR CASE #: 9:22–mj–08406–WM–1

Case title: USA v. Praino

Date Filed: 09/15/2022

Date Terminated: 09/15/2022

---

Assigned to: Magistrate Judge
William Matthewman

**Defendant (1)**

| | | |
|---|---|---|
| **Michael Praino**<br>*TERMINATED: 09/15/2022* | represented by | **Gregory Joseph Morse**<br>Morse & Morse<br>707 North Flagler Drive<br>West Palm Beach, FL 33401<br>561–651–4145<br>Fax: 561–655–2182<br>Email: greg@morselegal.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Temporary* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| Removal of Indictment to EDNY<br>– 18:371, 1955(a) | |

---

**Plaintiff**

**USA**                                                              represented by

1

**Rinku Talwar Tribuiani**
United States Attorney's Office
500 S. Australian Avenue
Suite 400
West Palm Beach, FL 33401
561−820−8711
Fax: 561−659−4526
Email: rinku.tribuiani@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/15/2022 | 1 | | Magistrate Removal of Indictment from New York Eastern Case number in the other District CR−22−405 as to Michael Praino (1). (kza) (Entered: 09/15/2022) |
| 09/15/2022 | 2 | | NOTICE OF TEMPORARY APPEARANCE AS COUNSEL: Gregory Joseph Morse appearing for Michael Praino (kza) (Entered: 09/15/2022) |
| 09/15/2022 | 3 | | PAPERLESS Minute Order for proceedings held before Magistrate Judge William Matthewman: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Michael Praino held on 9/15/2022. The Court advised the defendant of the charges, possible maximum penalties, and his rights. Gregory Morse filed a Notice of Temporary Appearance. Date of Arrest or Surrender: 09/15/2022. Bond Hearing as to Michael Praino held on 9/15/2022. Bond recommendation/set: Michael Praino (1) $250,000 PSB. The Defendant Waived the Removal Hearing, Waiver form executed. Order of Removal signed. The Court advised the Parties regarding Brady and the Due Process Protections Act order was entered. Total time in court: 27 minutes. Attorney Appearance(s): AUSA Rinku Talwar Tribuiani, Gregory Joseph Morse. (Digital 10:18:35) <br><br> It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence– that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge William Matthewman on 9/15/2022. (kza) (Entered: 09/15/2022) |
| 09/15/2022 | 4 | | $250,000 PSB Bond Entered as to Michael Praino Approved by Magistrate Judge William Matthewman. *Please see bond image for conditions of release.* (kza) (Additional attachment(s) added on 9/15/2022: # 1 Restricted Bond with 7th Page) (kza). (Entered: 09/15/2022) |
| | | | *Main Document* |
| | | | Attachment # 1 *Restricted Bond with 7th Page (Not Attached)* |

| 09/15/2022 | 5 | | WAIVER of Rule 5 & 5.1 Hearings by Michael Praino. (kza) (Entered: 09/15/2022) |
| 09/15/2022 | 6 | | ORDER OF REMOVAL ISSUED to District of New York Eastern as to Michael Praino. Closing Case for Defendant. Signed by Magistrate Judge William Matthewman on 9/15/2022. *See attached document for full details.* (kza) (Entered: 09/15/2022) |

Filed: September 08, 2022

JAM:JPM/ANR
F.#2015R00270

CR-22-405
Judge Dearie
Mag. Judge Cho

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------- X

22-8406-WM

UNITED STATES OF AMERICA

- against -

ANTHONY VILLANI,
JAMES COUMOUTSOS,
    also known as "Quick,"
DENNIS FILIZZOLA,
MICHAEL PRAINO,
    also known as "Platinum,"
LOUIS TUCCI, JR.,
    also known as "Tooch," and

            Defendants.

--------------------------- X

THE GRAND JURY CHARGES:

I N D I C T M E N T

Cr. No.   CR-22-405
(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
982(a)(1), 982(b)(1), 1955(a), 1955(d),
1956(a)(1)(A)(i), 1956(a)(1)(B),
1956(h), 1962(c), 1963, 1963(a),
1963(m), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

FILED BY    *KJZ*    D.C.

*Sep 15, 2022*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### The Enterprise

1.    The Luchese organized crime family of La Cosa Nostra (the "Luchese

crime family" or the "Enterprise"), including its leaders, members and associates, constituted

an "enterprise," as defined in Title 18, United States Code, Section 1961(4), that is, a group

of individuals associated in fact. The Enterprise constituted an ongoing organization whose

members functioned as a continuing unit for a common purpose of achieving the objectives

of the Enterprise. The Luchese crime family engaged in, and its activities affected,

4

interstate and foreign commerce. The Luchese crime family was an organized criminal group that operated in the Eastern District of New York and elsewhere.

2. La Cosa Nostra operated through organized crime families. Five of these crime families – the Bonanno, Colombo, Gambino, Genovese and Luchese crime families – were headquartered in New York City and supervised criminal activity in New York, in other areas of the United States and, in some instances, in other countries. Another crime family, the Decavalcante crime family, operated principally in New Jersey, but from time to time also in New York City.

3. The ruling body of La Cosa Nostra, known as the "Commission," consisted of leaders from each of the crime families. The Commission convened from time to time to decide certain issues affecting all of the crime families, such as rules governing crime family membership.

4. The Luchese crime family had a hierarchy and structure. The head of the Luchese crime family was known as the "boss." The Luchese crime family boss was assisted by an "underboss" and a counselor known as a "consigliere." Together, the boss, underboss and consigliere were the crime family's "administration." With the assistance of the underboss and consigliere, the boss was responsible for, among other things, setting policy and resolving disputes within and between La Cosa Nostra crime families and other criminal groups. The administration further supervised, supported, protected and disciplined the lower-ranking participants in the crime family. In return for their supervision and protection, the administration received part of the illegal earnings generated by the crime family. Members of the Luchese crime family served in an "acting" rather than "official" capacity in the administration on occasion due to another administration member's

incarceration or ill health, or for the purpose of seeking to insulate another administration member from law enforcement scrutiny.   Further, on occasion, the Luchese crime family was overseen by a "panel" of crime family members that did not include the boss, underboss and/or consigliere.

5.       Below the administration of the Luchese crime family were numerous "crews," also known as "regimes" and "decinas."   Each crew was headed by a "captain," also known as a "skipper," "caporegime" and "capodecina."   Each captain's crew consisted of "soldiers" and "associates."   The captain was responsible for supervising the criminal activities of his crew and providing the crew with support and protection.   In return, the captain often received a share of the crew's earnings.

6.       Only members of the Luchese crime family could serve as a boss, underboss, consigliere, captain or soldier.   Members of the crime family were referred to on occasion as "goodfellas" or "wiseguys," or as persons who had been "straightened out" or who had their "button."   Associates were individuals who were not members of the crime family, but who nonetheless engaged in criminal activity for, and under the protection of, the crime family.

7.       Many requirements existed before an associate could become a member of the Luchese crime family.   The Commission of La Cosa Nostra from time to time limited the number of new members who could be added to a crime family.   An associate was also required to be proposed for membership by an existing crime family member.   When the crime family's administration considered the associate worthy of membership, the administration then circulated the proposed associate's name on a list given to other La Cosa Nostra crime families, which the other crime families reviewed and either approved or

4

disapproved. Unless there was an objection to the associate's membership, the crime family then "inducted," or "straightened out," the associate as a member of the crime family in a secret ceremony. During the ceremony, the associate, among other things, swore allegiance for life to the crime family above all else, even the associate's own family; swore, on penalty of death, never to reveal the crime family's existence, criminal activities and other secrets; and swore to follow all orders issued by the crime family boss, including swearing to commit murder if the boss directed it.

Methods and Means of the Enterprise

8.     The principal purpose of the Luchese crime family was to generate money for its members and associates. This purpose was implemented by members and associates of the Luchese crime family through various criminal activities, including extortion, bribery, fraud, illegal gambling and loansharking. The members and associates of the Luchese crime family also furthered the Enterprise's criminal activities by threatening economic injury and using and threatening to use physical violence, including murder.

9.     Although the primary purpose of the Luchese crime family was to generate money for its members and associates, the members and associates at times used the resources of the family to settle personal grievances and vendettas, sometimes without the approval of higher-ranking members of the family. For those purposes, members and associates of the Enterprise were asked and expected to carry out, among other crimes, acts of violence, including murder and assault.

10.     The members and associates of the Luchese crime family engaged in conduct designed to prevent government detection of their identities, their illegal activities and the location of proceeds of those activities. That conduct included a commitment to

murdering persons, particularly members or associates of organized crime families, who were perceived as potential witnesses against members and associates of the Enterprise.

11. Members and associates of the Luchese crime family often coordinated criminal activity with members and associates of other organized crime families.

### The Racketeering Defendant

12. The defendant ANTHONY VILLANI was a soldier in the Luchese crime family.

### COUNT ONE
(Racketeering)

13. The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

14. In or about and between 2004 and 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANTHONY VILLANI, together with others, being a person employed by and associated with the Luchese crime family, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

### RACKETEERING ACT ONE
(Illegal Gambling – Sports Betting)

15. In or about and between 2004 and 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANTHONY VILLANI, together with others, did knowingly and intentionally conduct,

finance, manage, supervise, direct and own part of an illegal gambling business, to wit: a

gambling business involving sports betting, which operated in violation of the laws of New

York State, to wit: New York Penal Law Sections 225.05 and 20.00, and which involved five

or more persons who conducted, financed, managed, supervised, directed and owned part of

such business and which remained in substantially continuous operation for one or more

periods in excess of 30 days and had a gross revenue of at least $2,000 in one or more single

days, in violation of Title 18, United States Code, Sections 1955(a) and 2.

RACKETEERING ACT TWO
(Money Laundering)

16.     The defendant ANTHONY VILLANI committed the following acts,

either one of which alone constitutes Racketeering Act Two.

A.     Money Laundering Conspiracy

17.     In or about and between December 2013 and December 2020, both

dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendant ANTHONY VILLANI, together with others, did knowingly and

intentionally conspire to conduct one or more financial transactions affecting interstate and

foreign commerce which in fact involved the proceeds of specified unlawful activity, to wit:

the operation of an illegal gambling business, in violation of Title 18, United States Code,

Section 1955(a), knowing that the property involved in the financial transactions represented

the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on

of specified unlawful activity, contrary to Title 18, United States Code, Section

1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to

conceal and disguise the nature, location, source, ownership and control of the proceeds of

specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i), in violation of Title 18, United States Code, Section 1956(h).

B. Money Laundering

18. In or about and between December 2013 and December 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANTHONY VILLANI, together with others, did knowingly and intentionally conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce which in fact involved the proceeds of specified unlawful activity, to wit: the operation of an illegal gambling business, in violation of Title 18, United States Code, Section 1955(a), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2; and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

RACKETEERING ACT THREE
(Attempted Extortion – John Doe)

19. In or about and between April 2020 and December 2020, both dates being approximate and inclusive, within the Southern District of New York, the defendant ANTHONY VILLANI, together with others, did knowingly and intentionally attempt to steal property by extortion, in that the defendant attempted to obtain property, to wit: money, by compelling and inducing John Doe, an individual whose identity is known to the Grand Jury,

to deliver such property by instilling in him a fear that, if the property were not so delivered, the defendant and others would cause physical injury to some person in the future, in violation of New York Penal Law Sections 155.40(2), 155.05(2)(e)(i) and 110.00.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Illegal Gambling)

20.     In or about and between 2004 and 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY VILLANI, JAMES COUMOUTSOS, also known as "Quick," DENNIS FILIZZOLA, MICHAEL PRAINO, also known as "Platinum," LOUIS TUCCI, JR., also known as "Tooch," and                                        together with others, did knowingly and willfully conspire to conduct, finance, manage, supervise, direct and own part of an illegal gambling business, to wit: a gambling business involving sports betting, which operated in violation of the laws of New York State, to wit: New York Penal Law Sections 225.05 and 20.00, and which involved five or more persons who conducted, financed, managed, supervised, directed and owned part of such business and which remained in substantially continuous operation for one or more periods in excess of 30 days and had a gross revenue of at least $2,000 in one or more single days, contrary to Title 18, United States Code, Section 1955(a).

21.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants did commit and cause the commission of, among others, the following:

## OVERT ACTS

 

for a gambling business named "Rhino

Sports" (the "Gambling Business").

(b)     On or about January 4, 2020, FILIZZOLA and PRAINO met in

Pelham, New York to discuss PRAINO paying a debt owed to the Gambling Business.

(c)     On or about January 7, 2020, VILLANI and PRAINO met near

a pizzeria in the Bronx, New York, the identity of which is known to the Grand Jury (the

"Pizzeria"), to discuss the operation of the Gambling Business.

(d)     On or about January 27, 2020, TUCCI met with a bookmaker

employed by the Gambling Business in Queens, New York.

(e)     On or about February 6, 2020, PRAINO gave FILIZZOLA

approximately \$5,000 in cash owed to the Gambling Business.

(f)

 

(g)     On or about April 22, 2020, VILLANI and COUMOUTSOS

met at the Pizzeria to discuss the operation of the Gambling Business.

(h)     On or about April 26, 2020, VILLANI and            discussed

the operation of the Gambling Business during a telephone call.

(i)     On or about April 27, 2020, VILLANI met with TUCCI in

Bronxville, New York to discuss the operation of the Gambling Business.

(j)     On or about May 15, 2020, PRAINO made a payment of $2,280

as a portion of the proceeds owed to the Gambling Business.

(k)     On or about July 1, 2020, VILLANI gave TUCCI a note to

provide to another participant in the Gambling Business, which read, "Check Q's figures,

Get money from Hawk.  I want to run into you."

(l)     On or about July 24, 2020, VILLANI instructed a participant in

the Gambling Business to check the website for the Gambling Business to ensure a

bookmaker was "getting straight half's."

(m)     On or about August 25, 2020, VILLANI and FILIZZOLA met

to discuss the operation of the Gambling Business.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT THREE
(Illegal Gambling Business – Sports Betting)

22.     In or about and between 2004 and 2020, both dates being approximate

and inclusive, within the Eastern District of New York and elsewhere, the defendants

ANTHONY VILLANI, JAMES COUMOUTSOS, also known as "Quick," DENNIS

FILIZZOLA, MICHAEL PRAINO, also known as "Platinum," LOUIS TUCCI, JR., also

known as "Tooch," and                                          together with others, did

knowingly and intentionally conduct, finance, manage, supervise, direct and own part of an

illegal gambling business, to wit: a gambling business involving sports betting, which

operated in violation of the laws of New York State, to wit: New York Penal Law Sections

225.05 and 20.00, and which involved five or more persons who conducted, financed,

managed, supervised, directed and owned part of such business and which remained in

substantially continuous operation for one or more periods in excess of 30 days and had a gross revenue of at least $2,000 in one or more single days.

(Title 18, United States Code, Sections 1955(a), 2 and 3551 et seq.)

## COUNT FOUR
(Money Laundering Conspiracy)

23.    In or about and between December 2013 and December 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY VILLANI and DENNIS FILIZZOLA, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions affecting interstate and foreign commerce which in fact involved the proceeds of specified unlawful activity, to wit: the operation of an illegal gambling business, in violation of Title 18, United States Code, Section 1955(a), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FIVE
(Money Laundering)

24.    In or about and between December 2013 and December 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY VILLANI and DENNIS FILIZZOLA, together with

others, did knowingly and intentionally conduct and attempt to conduct one or more financial

transactions affecting interstate and foreign commerce which in fact involved the proceeds of

specified unlawful activity, to wit: the operation of an illegal gambling business, in violation

of Title 18, United States Code, Section 1955(a), knowing that the property involved in the

financial transactions represented the proceeds of some form of unlawful activity (a) with the

intent to promote the carrying on of specified unlawful activity, and (b) knowing that the

transactions were designed in whole and in part to conceal and disguise the nature, location,

source, ownership and control of the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B), 2 and

3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

25.     The United States hereby gives notice to the defendant charged in

Count One that, upon his conviction of that offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 1963(a), which requires any person

convicted of such offense to forfeit: (a) any interest the person acquired or maintained in

violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim

against or property or contractual right of any kind affording a source of influence over, any

enterprise which the person has established, operated, controlled, conducted or participated

in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any

property constituting, or derived from, any proceeds which the person obtained, directly or

indirectly, from racketeering activity in violation of Title 18, United States Code, Section

1962, including but not limited to: (a) approximately $36,658.00 in U.S. currency, 5,655

13

Euros, and 40 British Pounds Sterling, seized on or about December 14, 2020 from 122

Town Green Drive, Elmsford, New York, and all proceeds traceable thereto; (b)

approximately 33 pieces of jewelry, seized on or about December 14, 2020 from 122 Town

Green Drive, Elmsford, New York, and all proceeds traceable thereto; (c) approximately

$18,731.00 in U.S. currency, seized on or about December 15, 2020 at or near 122 Town

Green Drive, Elmsford, New York, and all proceeds traceable thereto; (d) approximately

$407,380.00 in U.S. currency, seized on or about December 15, 2020 from 1510 Library

Avenue, Bronx, New York, and all proceeds traceable thereto; (e) approximately

$55,542.00 in U.S. currency, seized on or about December 15, 2020 from 2 Consulate

Drive, Tuckahoe, New York, and all proceeds traceable thereto; (f) approximately

$21,412.00 in U.S. currency, seized on or about December 15, 2020 from 8 Pinehurst Court,

Courtland Manor, New York, and all proceeds traceable thereto; (g) approximately

$177,344.12, seized on or about December 17, 2020 from JPMorgan Chase Bank Account

Number 30362939, held in the name of Pleasantville Playa, LLC, and all proceeds traceable

thereto; (h) approximately $163,215.45, seized on or about December 17, 2020 from

JPMorgan Chase Bank Account Number 63592237, held in the name of Bronxville Playa

Corp., and all proceeds traceable thereto; and (i) approximately $293,488.36, seized on or

about December 17, 2020 from JP Morgan Chase Bank Account Number 770003718465,

held in the name of defendant Anthony Villani, and all proceeds traceable thereto (together,

the "Seized Property").

    26.  If any of the above-described forfeitable property, as a result of any act

or omission of the defendant:

       (a)  cannot be located upon the exercise of due diligence;

14

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS TWO AND THREE

27.     The United States hereby gives notice to the defendants charged in Counts Two and Three that, upon their conviction of either such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 1955(d), which provides for the forfeiture of any property, including money, used in violation of Title 18, United States Code, Section 1955, including but not limited to the Seized Property.

28.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS FOUR AND FIVE

29.     The United States hereby gives notice to the defendants charged in Counts Four and Five that, upon their conviction of either such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to the Seized Property.

30.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United

16

States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United

States Code, Section 853(p))

A TRUE BILL

_____

FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: *Carolyn Pokorny*
_____
Assistant U.S. Attorney

F.#: 2015R00270
FORM DBD-14
JUN 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*ANTHONY VILLANI, JAMES COUMOUTSOS, also known as "Quick,"*
*DENNIS FILIZZOLA, MICHAEL PRAINO, also known as "Platinum,"*
*LOUIS TUCCI, JR., also known as "Tooch," and* ▮▮▮▮▮▮▮

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1), 982(b)(1), 1955(a), 1955(d),
1956(a)(1)(B), 1956(h), 1962(c), 1963, 1963(a), 1963(m), 2 and 3551 et
seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

\_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_       \_

*Foreperson*

*Filed in open court this* \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ *day,*

*of* \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ *A.D. 20* \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_

*Clerk*

*Bail, $* \_   \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_

**James P. McDonald, Assistant U.S. Attorney (718) 254-6376**
**Antoinette N. Rangel, Assistant U.S. Attorney (718) 254-7481**

FILED BY _____ D.C.

SEP 15 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-8406-WM
-NY: CR-22-405

UNITED STATES OF AMERICA,
        Plaintiff,

v.

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

Michael Praind
                        Defendant.

COMES NOW Gregory J. Morse and

files this temporary appearance as counsel for the above named defendant(s) at initial appearance.

This appearance is made with the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing documents** necessary to

collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**): Gregory J. Morse

Counsel's Signature: _____

Address (include City/State/Zip Code):

707. N. Flagler Dr.

greg@Morselegal.com

Telephone: 561-651-4145          Florida Bar Number: 0505099

Date: 9-15-22

21

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Gregory Joseph Morse (greg@morselegal.com, morselegal@gmail.com,
tiffany@morselegal.com), Rinku Talwar Tribuiani (angela.weddle@usdoj.gov,
caseview.ecf@usdoj.gov, rinku.tribuiani@usdoj.gov, usafls-brdkt@usdoj.gov), Magistrate
Judge William Matthewman (matthewman@flsd.uscourts.gov)
--Non Case Participants: Federal Public Defender (fls_ecf@fd.org)
--No Notice Sent:

Message-Id:22558271@flsd.uscourts.gov
Subject:Activity in Case 9:22-mj-08406-WM USA v. Praino
Content-Type: text/html
```

## U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing


The following transaction was entered on 9/15/2022 at 12:04 PM EDT and filed on 9/15/2022

| | |
|---|---|
| **Case Name:** | USA v. Praino |
| **Case Number:** | 9:22–mj–08406–WM |
| **Filer:** | |
| **Document Number:** | 3(No document attached) |

**Docket Text:**
**PAPERLESS Minute Order for proceedings held before Magistrate Judge William Matthewman: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Michael Praino held on 9/15/2022. The Court advised the defendant of the charges, possible maximum penalties, and his rights. Gregory Morse filed a Notice of Temporary Appearance. Date of Arrest or Surrender: 09/15/2022. Bond Hearing as to Michael Praino held on 9/15/2022. Bond recommendation/set: Michael Praino (1) $250,000 PSB. The Defendant Waived the Removal Hearing, Waiver form executed. Order of Removal signed. The Court advised the Parties regarding Brady and the Due Process Protections Act order was entered. Total time in court: 27 minutes. Attorney Appearance(s): AUSA Rinku Talwar Tribuiani, Gregory Joseph Morse. (Digital 10:18:35)**

It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence– that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge William Matthewman on 9/15/2022. (kza)


**9:22–mj–08406–WM–1 Notice has been electronically mailed to:**

Gregory Joseph Morse &nbsp &nbsp greg@morselegal.com, morselegal@gmail.com, tiffany@morselegal.com

Rinku Talwar Tribuiani &nbsp &nbsp rinku.tribuiani@usdoj.gov, angela.weddle@usdoj.gov, CaseView.ecf@usdoj.gov, USAFLS−BRDKT@usdoj.gov

**9:22−mj−08406−WM−1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1−888−318−2260.:**

(Revised 03/2020)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED BY _____ D.C.

**APPEARANCE BOND:** _____

**CASE NO.:** 22-8406-WM

SEP 15 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

UNITED STATES OF AMERICA:

      Plaintiff,

v.

MICHAEL PRAINO

      Defendant,

USM # : _____

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ _____ 250,000 PSB _____

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

**DEFENDANT:** MICHAEL PRAINO
**CASE NUMBER:** 22-8406-WM
**PAGE TWO**

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

☒ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case; *UNTIL OCT 13/2022 IN NY*

☒ b. Report to Pretrial Services as follows: (☒) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

☒ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

☒ d. Refrain from ☒ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner; *NO USE OF MEDICAL MARIJUANA*

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

☒ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

___ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

☒ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

☒ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

___ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT:   MICHAEL PRAINO
CASE NUMBER: 22-8406-WM
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on (   ) ability to pay as determined by the U.S. Probation Officer – or – (   ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

__ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

__Home Detention: You are restricted to your residence at all times except for:

(   ) medical

(   ) substance abuse or mental health treatment

(   ) court appearances

(   ) attorney visits or court ordered obligations

(   ) religious services

(   ) employment

(   ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by (  )Pretrial Services or   (   ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

(   ) employment

(   ) education

(   ) religious services

(   ) medical, substance abuse, or mental health treatment

(   ) attorney visits

(   ) court appearances

(   ) court ordered obligations

(   ) reporting to Pretrial Services

(   ) other _____

__ q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer.  Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search must be conducted at a reasonable time and in a reasonable manner.



**DEFENDANT:** MICHAEL PRAINO
**CASE NUMBER:** 22-8406-WM
**PAGE FOUR**

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

X u. May travel to and from: _SDFL + EDNY, SDNY_, and must notify Pretrial Services of travel plans before leaving and upon return.

X v. Comply with the following additional conditions of bond:
_SECURED BY DEFT'S TWO PROPERTIES LOCATED AT 902 SOUTH L ST, LAKEWORTH, FL AND 923 N. FEDERAL HIGHWAY, LAKEWORTH, FL 33460 RESIDENCE REQUIREMENT. ALL STANDARD CONDITIONS. DEFENDANT SHALL REPORT TO US DISTRICT CT-EDNY ON OCT 13, 2022 AT 10:30 AM BEFORE JUDGE MATSUMOTO._

DEFENDANT: MICHAEL PRAINO
CASE NUMBER: 22-8406-WM
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: MICHAEL PRAINO
CASE NUMBER: 22-8406-WM
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this ___15th___ day of ___September___ , 20 _22_ at West Palm Beach, Florida

Signed and acknowledged before me:　　　　DEFENDANT: (Signature) _X michael VPraino_

WITNESS: _____　　　_Lake Worth_　　　_FL._
　　　　　　　　　　　　　　　　　　　　　　　City　　　　　　　　State

_____　_____
　City　　　　　　　State

### CORPORATE SURETY

Signed this _____ day of _____ , 20 ____ at _____ , Florida

SURETY: _____　　AGENT: (Signature) _____

_____　_____　　PRINT NAME: _____
　City　　　　　　　State

### INDIVIDUAL SURETIES

Signed this ____ day of _____ , 20 ___ at _____ , Florida　　Signed this ____ day of _____ , 20 ___ at _____ , Florida

SURETY: (Signature) _____　　SURETY: (Signature) _____

PRINT NAME: _____　　　　PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____　　RELATIONSHIP TO DEFENDANT: _____

_____　_____　　　_____　_____
　City　　　　　　　State　　　　　　　　City　　　　　　　State

Signed this ____ day of _____ , 20 ___ at _____ , Florida　　Signed this ____ day of _____ , 20 ___ at _____ , Florida

SURETY: (Signature) _____　　SURETY: (Signature) _____

PRINT NAME: _____　　　　PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____　　RELATIONSHIP TO DEFENDANT: _____

_____　_____　　　_____　_____
　City　　　　　　　State　　　　　　　　City　　　　　　　State

### APPROVAL BY THE COURT

Date: ___September 15, 2022___　　　　_William Matthewman_
　　　　　　　　　　　　　　　　　　**William Matthewman**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 22-8406-WM |
| MICHAEL PRAINO | ) | |
| _____ | ) | Charging District's Case No. CR-22-405 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* EDNY

I have been informed of the charges and of my rights to:

(1)   retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)   an identity hearing to determine whether I am the person named in the charges;

(3)   production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)   a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)   a hearing on any motion by the government for detention;

(6)   request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐   an identity hearing and production of the warrant.

☐   a preliminary hearing.

☐   a detention hearing.

☐   an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 9-15-22

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Gregory Morse
*Printed name of defendant's attorney*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.___22-8406-WM___

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MICHAEL PRAINO

Defendant.

_____/



FILED BY_____ D.C.

SEP 15 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**ORDER OF REMOVAL**

A(n) _____ Complaint

⨯ Indictment

_____ Information

_____ Probation Violation Warrant

_____ Bench Warrant

having been filed in the __EASTERN__ District of __NEW YORK__ charging the above named defendant with __18:371,1955 (a)__ and the defendant having

_____ surrendered

⨯ been arrested

in the Southern District of Florida, having had an initial appearance before the Court and having:

⨯ waived further hearing

_____ been given a hearing in accordance

with **Fed.R.Crim.P. 40**

and having posted the bail as set by the Court, it is thereupon

**ORDERED AND ADJUDGED** as follows:

1. The defendant is held to answer in the District in which

the charge is outstanding and shall appear before the District Court thereof at such time and place as may be ordered; and

2. **All funds** and **documents** filed with the Clerk of court in this case shall be **transferred** to the District where the charge is outstanding.

**DONE AND ORDERED** at West Palm Beach, Florida this _15TH_ day of _SEPTEMBER_ 2022.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE